## ALLEN v. HAYS.

To authorize a summary judgement against the security on a bond for
the delivery of property taken in execution and claimed by a third
person, the sheriff must have returned such bond forfeited.

JUDGE WHITE delivered the opinion of the Court.

AN execution, issued at the instance of Hays, had been
levied on a slave as the property of John Cox.   Lynden
Crocker claimed the slave, and entered into bond as re-
quired by the statute, with Allen his security, conditioned
to return the slave, &c.   A trial of the right of property
being had. it was adjudged to be in Cox, the defendant to
the execution.   Crocker having failed to deliver the slave
as required by the condition of the bond, the sheriff filed
the bond in the clerk's office of Dallas Circuit Court, (from
which the execution had issued,) but without any return
endorsed.   Hays, having given ten days notice, recovered
a judgement against Allen, as security of Crocker, by mo-
tion before Dallas Circuit Court.

A bill of exceptions was taken, the matter of which is
here assigned as error.

a Laws Ala. 311,
Sec. 7.

The statute [a] requires that if the property be not deli-
vered to the sheriff, he shall forthwith *return* the bond to
the clerk's office, &c.   We believe that a technical return,
and not a mere filing of the paper in the clerk's office, was

here meant. That it is the duty of the sheriff to endorse on the bond so returned, the failure to deliver the property according to the condition. This not having been done, the Circuit Court erred in awarding execution against the security, and the judgement must therefore be reversed.